**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **OMER DEMIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **12 C 8980** |
| | ) | |
| **v.** | ) | **Judge Jorge L. Alonso** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals defendant's denial of his request for a waiver of overpayment of benefits.
For the reasons set forth below, the Court affirms defendant's decision.

## Background

John Demir, plaintiff's son, received Social Security Disability benefits from late 1993 until
his death in 2009.  (R. 6.)  From March 28, 1994 until John's death, plaintiff served as John's
representative payee.  (*Id.*)

In 2000, the Social Security Administration ("SSA") determined that John had performed
substantial gainful activity from April 1997 through November 1999, and thus was ineligible for the
benefits he had received during that period.  (*Id.*)

On September 18, 2000 and November 5, 2002, plaintiff requested waiver of recovery of the
overpayment, which was denied.  (*Id.*)

On August 25, 2003, John and the SSA agreed that the overpayment would be recovered by
withholding $20.00 per month from John's monthly benefits.  (*Id.*)

After John's death, plaintiff again requested waiver of recovery of the overpayment, which was again denied. (*Id.* 7-10.) It is this decision from which plaintiff appeals.

## Discussion

The Court reviews the Administrative Law Judge ("ALJ's") conclusions of law *de novo* but gives deference to her factual findings. *Prochaska v. Barnhart*, 454 F.3d 731, 734 (7th Cir. 2006). The decision will be upheld "if it is supported by substantial evidence," *i.e.*, evidence "sufficient for a reasonable person to conclude that [it] supports the decision." *Id.* at 734-35 (quotations omitted). "We are not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Plaintiff first contends that there is no legal basis for holding a representative payee liable for an overpayment of benefits, an issue the ALJ did not reach. (*See* R. 8 ("Although the claimant's attorney has argued that there is no legal basis for imposing the obligation to repay an overpayment on a representative payee . . . ., the undersigned has no legal authority to overturn or disregard the general principle that a representative payee may be held liable for recovery of an overpayment that he or she was not without fault in causing.").) Recovery of overpayments is governed by 20 C.F.R. § 404.502, which in relevant part provides:

> Upon determination that an overpayment has been made, adjustments will be made against monthly benefits and lump sums as follows:
>
> (a) Individual overpaid is living.
> (1) If the individual to whom an overpayment was made is at the time of a determination of such overpayment entitled to a monthly benefit or a lump sum under title II of the Act . . . no benefit for any month and no lump sum is payable to such individual . . . until an amount equal to the amount of the overpayment has been withheld or refunded. . . .
>
> . . . .

(3) If a representative payee receives a payment on behalf of a beneficiary after that beneficiary dies, the representative payee or his estate is solely liable for repaying the overpayment. If the representative payee is entitled to a monthly benefit or a lump sum under title II of the Act at the time we determine that an overpayment exists . . . , we will not pay the monthly benefits or the lump sum to the representative payee until the amount of the overpayment has been repaid. . . .

(b) Individual overpaid dies before adjustment. If an overpaid individual dies before adjustment is completed under the provisions of paragraph (a) of this section, no lump sum and no subsequent monthly benefit will be paid on the basis of earnings which were the basis of the overpayment to such deceased individual until full recovery of the overpayment has been effected . . . . Such recovery may be effected through:
(1) Payment by the estate of the deceased overpaid individual,
(2) Withholding of amounts due the estate of such individual under title II of the Act,
(3) Withholding a lump sum or monthly benefits due any other individual on the basis of the same earnings which were the basis of the overpayment to the deceased overpaid individual, or
(4) Any combination of the amount above.
(5) The methods in paragraphs (b)(1) and (b)(2) of this section for overpayments owed by a representative payee for payments made after the beneficiary's death. We will not recover such overpayments from any person other than the individual who was representative payee or his estate . . . .

Plaintiff contends that the word "individual" as used in paragraph (a)(1) cannot include representative payees without rendering paragraphs (a)(3) and (b) superfluous.

The Court disagrees. If "individual" includes representative payees, then paragraphs (a)(1) and (b)(1)-(4) make the beneficiary and representative payee (or their estates) jointly liable for overpayments made during the beneficiary's lifetime and paragraphs (a)(3) and (b)(5) make the representative payee (or his estate) solely liable for overpayments made after the beneficiary's death. Thus, interpreting "individual" to include representative payee does not invalidate any portion of the regulation. Moreover, doing so is consistent with the language of the regulation, which expressly uses "beneficiary" and "representative payee" in certain places and "individual" in others, and the SSA's interpretation of the regulation, to which the Court "may properly resort for

guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *see* Social Security Administration, Program Operations Manual System, GN 02205.001 ("Section 204(a) of the Social Security Act provides that the overpaid person . . . , his or her representative payee, and any other person receiving benefits on the overpaid person's earnings record are liable (responsible) for repayment of an overpayment."); GN 02205.003 ("Generally, the overpaid person (including a representative payee) is responsible for repayment of an overpayment. If the overpaid person dies, his or her estate, or the beneficiaries of the estate, is responsible for repayment of the overpayment."), *available at* https://secure.ssa.gov/apps10/poms.nsf/chapterlist!openview&restricttocategory=02 (last visited May 21, 2015); *see also Power v. Barnhart*, 292 F.3d 781, 786 (D.C. Cir. 2002) (stating that the SSA's Program Operations Manual System "lack[s] the administrative formality or other attributes that would justify substantial judicial deference under *Chevron*" but could be given "the more limited form of deference under *Skidmore*") (quotation, citations, and emphasis omitted). In short, the Court rejects plaintiff's claim that there is no legal basis for imposing overpayment liability on him.

Next, plaintiff argues that imposing liability on him would violate his due process rights because John, and only John, admitted liability and agreed to a payment plan. (*See* R. 37-38.) The record shows, however, that plaintiff was notified about and attended the conference at which John admitted liability. (*Id.* 189-90.) Moreover, though plaintiff testified that he "couldn't say nothing" at the conference (*id.* 189), he knew about the agreement and did not try to terminate his status as John's representative payee after it was reached. (*Id.*) Accordingly, imposing liability on plaintiff does not violate his due process rights. *See Cholewin v. City of Evanston*, 899 F.2d 687, 690 (7th Cir. 1990) (characterizing "notice and an opportunity to respond" as "the essence of due process").

Plaintiff also contends that John's agreement to repay the SSA extinguished plaintiff's liability for the overpayment. But he cites no authority for this proposition and it flies in the face of the regulations, which, as discussed above, impose joint liability for overpayments on the beneficiary and the payee. Thus, the Court rejects this argument.

Alternatively, plaintiff argues that, even if he can be held liable, the ALJ's decision that he should be held liable is erroneous. As the ALJ correctly noted, the regulations state that "there shall be no adjustment or recovery in any case where an overpayment . . . has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. § 404.506(a); (*see* R. 8). "The threshold issue is 'fault,' and our review is limited to determining whether the [ALJ's] decision on the 'fault' issue is supported by substantial evidence." *Watson v. Sullivan*, 940 F.2d 168, 171 (6th Cir. 1991) (per curiam).

> . . . . In determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has. What constitutes fault . . . on the part of the overpaid individual or on the part of any other individual from whom the Administration seeks to recover the overpayment depends upon whether the facts show that the incorrect payment to the individual . . . resulted from . . . . [f]ailure to furnish information which he knew or should have known to be material; . . .

20 C.F.R. § 404.507(b).

With respect to fault, the ALJ said:

> [T]he critical factual issue in this case is whether [plaintiff] knew that his son had returned to work, for if he was aware of the work he had a duty to report it so that SSA could avoid making the benefit payments that resulted in the overpayment.
>
> . . . . [Plaintiff] admitted in his testimony that he knew that his son worked at the Art Institute, though he claimed that he did not know how long he worked there. But

[plaintiff] also stated that his son was eventually fired from that job, and made other statements indicating general knowledge of the work during the relevant period of time. . . .  It is noted that the claimant, though born in Turkey, came to the United States in 1960, according to his testimony.  He received a GED in 1964 and speaks and understands English, though Turkish is his primary language.  There is no basis to conclude that any educational, mental, cultural, or language issues impeded his ability to understand the need to report work (he was considered able to serve as a representative payee, after all, which clearly would entail much greater responsibilities than simply noting his son's return to work and understanding the need to report it).  Overall, based on [plaintiff's] testimony and reasonable inferences based on that testimony, a conclusion is warranted that [plaintiff] was aware of his son's work during the relevant period of time.  Therefore, his duty to report that work was triggered, and his failure to do so was a contributing cause to the creation of the overpayment.  [Plaintiff] cannot be found "without fault" in creating the overpayment.  Therefore, recovery of the overpayment cannot be waived.

(R. 9.)  The ALJ considered the relevant factors in determining that plaintiff was not without fault and her conclusion is supported by substantial evidence in the record.  Thus, the Court has no basis for disturbing it.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for reversal [50] and affirms defendant's decision denying plaintiff's request for a waiver of overpayment.  This case is terminated.

**SO ORDERED.**                         **ENTERED: May 26, 2015**

_____

**HON.  JORGE L. ALONSO**
**United States District Judge**